UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE PRITCHARD and RHONDA
PRITCHARD,

      Plaintiffs,

v.                                                Case No. 8:09-cv-46-T-24 TGW

WAL-MART STORES, INC. and
BRANDY GUNDERJAHN,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Remand. (Doc. No. 10). Defendant Wal-Mart Stores, Inc. ("Wal-Mart") opposes the motion. (Doc. No. 12).

**I. Background**

The following is alleged in Plaintiffs' complaint (Doc. No. 2): In January of 2007, Plaintiffs purchased a jar of Great Value peanut butter from Wal-Mart. The Great Value peanut butter was manufactured by ConAgra and was contaminated with a bacterial organism. Plaintiffs consumed the peanut butter and became extremely ill. As a result, Plaintiffs filed suit against Defendants Wal-Mart and one of its store managers, Brandy Gunderjahn, in state court.

Plaintiffs assert eight claims– they each assert strict liability and negligence claims against Wal-Mart, they each assert negligence claims against Gunderjahn, and they each assert loss of consortium claims against both defendants. With respect to the negligence claims asserted against Gunderjahn, Plaintiffs allege: (1) that Gunderjahn was the store manager in control of the Wal-Mart that sold Plaintiffs the peanut butter, and she owed a duty to Plaintiffs "to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of

operation of the business premises;" (2) that Gunderjahn breached these duties by "act[ing] negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the business premises;" and (3) that as a result of Gunderjahn's negligence, Plaintiffs consumed contaminated peanut butter and became ill.

In response, Wal-Mart removed this case to this Court, alleging diversity jurisdiction. Specifically, Wal-Mart argues that the amount in controversy exceeds $75,000 and that complete diversity exists between Plaintiffs (Florida residents) and Wal-Mart (a foreign corporation). Furthermore, Wal-Mart contends that Gunderjahn, a Florida resident, was fraudulently joined in order to defeat diversity jurisdiction.

Thereafter, Gunderjahn filed a motion to dismiss based on fraudulent joinder, to which Plaintiffs failed to respond despite a Court order directing them to do so. (Doc. No. 4, 9). Instead, Plaintiffs filed the instant motion to remand, in which they argue that complete diversity does not exist.

## II. Standard of Review

"'In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1380 (11th Cir. 1998) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Id. (citations omitted).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Id. (citation omitted). The Court must review the factual allegations in the light most favorable to the plaintiff, and it must resolve uncertainties about the applicable law in favor of the plaintiff. See id. The role of the Court at this juncture is not to weigh the merits of a plaintiff's claim beyond the determination of whether the claim is colorable under state law. See id. at 1380-81 (citation omitted).

### III. Motion to Remand

Plaintiffs move to remand this case, arguing that complete diversity does not exist because Gunderjahn was not fraudulently joined. Plaintiffs argue that a colorable claim against Gunderjahn exists because "[d]iscovery *may reveal* that Gunderjahn[] heard complaints, or generally was made aware of a problem of people getting sick after consuming the peanut butter from Walmart and that Gunderjahn did not pull the peanut butter from the shelf, and rather let it be sold to the public without informing anyone of a potential problem." (Doc. No. 10)(emphasis added).

To rebut this new theory that was not specifically alleged in the complaint, Defendants submit a declaration from Gunderjahn, in which she states the following: (1) the first time that she became aware of any potential salmonella contamination in peanut butter manufactured by ConAgra was after ConAgra's February 14, 2007 recall of its Great Value peanut butter; (2) in January of 2007, when Plaintiffs allege that they purchased the contaminated peanut butter, she "had no knowledge of any possible contamination of peanut butter manufactured by ConAgra;" and (3) prior to ConAgra's February 14, 2007 peanut butter recall, no one, including customers

3

from her store, suggested to her in any way that they believed that they had become ill after eating peanut butter manufactured by ConAgra. (Doc. No. 12, Ex. A). Therefore, Wal-Mart argues that because Plaintiffs cannot establish that Gunderjahn was personally at fault for Plaintiffs' injuries in any way, she is fraudulently joined as a defendant. The Court agrees.

The liability of an agent of a corporation is described in White v. Wal-Mart Stores, Inc., 918 So. 2d 357 (Fla. 1st DCA 2006), in which the court stated the following:

> [O]fficers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. . . . [A]n officer or agent may not be held personally liable simply because of his general administrative responsibility for performance of some function of his [or her] employment– he or she must be actively negligent.

Id. at 358 (quotation marks and internal citations omitted). Wal-Mart submitted evidence that Gunderjahn was not personally involved at all in the incident at issue, and as such, she cannot be found to be actively negligent. While the burden on Wal-Mart to show fraudulent joinder is a heavy one and the Court must construe all facts in the light most favorable to Plaintiffs, Plaintiffs must point to some evidence that supports their claim against Gunderjahn now that the allegations in the complaint have been controverted by Gunderjahn's sworn declaration.[1] See Davis v. Wyeth, 2004 WL 3569806, at *3 (M.D. Ga. June 10, 2004)(citation omitted); Kimmons v. IMC Fertilizer, 844 F. Supp. 738, 740 (M.D. Fla. 1994). As explained by the court in Accordino v, Wal-Mart Stores East, L.P., 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005):

---

[1]It is questionable as to whether Plaintiffs have even sufficiently alleged their negligence claims against Gunderjahn, since those claims are merely based on vague, conclusory allegations.

4

> [T]he court resolves factual controversies in favor of the plaintiff only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. Where a defendant's sworn statements are undisputed by the plaintiff, the court may not resolve the facts in the [p]laintiff['s] favor based solely on the unsupported allegations in the [plaintiff['s] complaint. In the absence of any proof, the court will not assume that the nonmoving party could or would prove the necessary facts.

Id. at *3 (quotation marks and internal citations omitted); see also Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005)(citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393-94 (5th Cir. 2000)).

Plaintiffs have not pointed to any evidence in support of their negligence claims against Gunderjahn. As a result, the Court finds that there is no evidence to support a claim that Gunderjahn was actively negligent, and as such, the Court finds that Gunderjahn is fraudulently joined. The Court hereby dismisses the claims against Gunderjahn, which leaves complete diversity between the parties. Therefore, remand is not appropriate.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Remand (Doc. No. 10) is **DENIED**.

(2) Defendant Gunderjahn's Motion to Dismiss (Doc. No. 4) is **GRANTED**.

(3) Wal-Mart's request for oral argument (Doc. No. 13) is **DENIED AS MOOT**.

(4) The Clerk is directed to terminate Defendant Gunderjahn on the docket sheet.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5